# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA J. DEBOARD,<br><br>Defendant. | Case No. 1:18-po-00039-SAB<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO REVOKE ORDER OF RELEASE AND DETENTION ORDER<br><br>(ECF No. 10) |

On January 12, 2018, Defendant Sandra J. Deboard was cited for using National Forest System lands as a residence in violation of 36 C.F.R. § 261.10(b). (ECF No. 1.) Defendant had her initial appearance on March 22, 2018, and pled not guilty. On June 21, 2018, a status conference was held. Defendant Deboard was released with the following conditions:

1. The defendant must not violate federal, state, or local law while on release.
2. The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.
3. The defendant shall notify the court and defendant's counsel of any change of address.
4. The defendant shall not enter or be on land owned by the National Park Service or National Forest Service. The defendant has until Sunday, June 24, 2018, at 11:55 p.m. to gather all her belongings.
5. The defendant must appear at the United States District Court, 2500 Tulare Street, Fresno, California, on August 16, 2018, at 10:00 a.m. before Magistrate Judge Stanley A. Boone.

(Order Setting Conditions of Release, ECF No. 8.)

On August 15, 2018, the Government filed a motion to revoke the order of release. (ECF No. 10.) The Government moves to revoke Defendants release pursuant to 18 U.S.C. § 3148 on the ground that Defendant has violated her conditions of release by violating federal law as she is residing on National Forest System land in violation of 36 C.F.R. § 261.10(b) and entering on land owned by the National Forest Service.

A status conference was held on August 16, 2018. Counsel Michael Tierney was present for the Government and counsel Andrew Wong was present with Defendant Deboard.

Pursuant to 18 U.S.C. § 3148, the Government may initiate a proceeding to revoke release by filing a motion with the Court and an order of revocation and detention shall be entered after a hearing if the Court

> (1) finds that there is--
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that--
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

The Court held an evidentiary hearing on August 16, 2018. Officer Melissa Wise testified and exhibits 1, 2, 3, and 4 were admitted into evidence.

Based on the evidence presented at the hearing and Defendant's admission to the officer that she was residing on Forest Service land, the court finds that there is probable cause that Plaintiff is residing on National Forest Service land in violation of 36 C.F.R. § 261.10(b); and finds by clear and convincing evidence that Plaintiff has entered onto National Forest System land in violation of her conditions of release.

Having found that there is probable cause that Defendant violated her conditions of release by committing a new law violation there arises a rebuttable presumption that there are no

conditions or combination of conditions that will assure that Defendant will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b). Defendant has not rebutted this presumption and further evidence was presented that Defendant harassed the witness on the day of hearing.

Based on the evidence presented at the August 16, 2018 evidentiary hearing, the Court finds that there are no conditions that would reasonably assure Defendant Deboard's appearance were she released and that she is a danger to the community. For these reasons, this Court orders that Defendant Deboard be detained.

Accordingly, the Government's motion to revoke the order of release is HEREBY GRANTED; and Defendant Deboard shall be detained in custody pending trial.

IT IS SO ORDERED.

Dated: __**August 17, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE